### STATE BANK OF ILLINOIS *vs.* SLOO & BYRNE, ET AL.

#### ON AN APPICATION FOR A REHEARING.

Where a judgment has been rendered against two commercial partners on the confession of one, which is on a writ of error reversed and *vacated* as to the other, he is not thereby released from the original debt by a merger of the debt in the judgment.

If judgment be obtained against one of several debtors *in solido*, the others cannot resist the demand of their creditor on the ground that the debt is merged in the judgment against their co-debtor.

*Eustis, Potts* and *Barton,* insisted on a rehearing in this case, on the ground that the court had mistaken the fact in stating and assuming the hypothesis that the bills sued on were not included in the judgment obtained by the plaintiffs in Illinois, against the drawers, A. G. Sloo & Co. They showed that they were so included, although not at maturity when that judgment was rendered. This fact is shown by the *remittitur* entered by the plaintiffs afterwards, when they were *all due,* and protested for non-payment.

Eastern Dist.
December, 1840.

BANK OF ILLI-
NOIS
vs.
SLOO & BYRNE
ET AL.

2. Is not the *remittitur* for the sum of fourteen thousand dollars, entered after the drafts were due, a perfect demonstration that the liabilities of the drawers were included in the judgment? The *remittitur* is conclusive evidence of what? It proves that at the time it was entered the judgment was for more than covered all the liabilities of Sloo & Co. At this time the drafts were protested and the drawers' liability on them were fixed; but still the judgment was for too large an amount by fourteen thousand dollars. On this point there can be no mistake, and the court will be satisfied on a more thorough consideration of the evidence.

3. By the irregular and illegal proceedings of the court in Illinois, A. G. Sloo is released from this debt, which is merged in the judgment standing alone against M'Clintock. The letter of credit and acceptance of the defendants was for the benefit of A. G. Sloo & Co. alone, and by discharging Sloo from all liability on the bills in suit, the defendants are deprived of all recourse on him in the event of paying said bills. See 3 *Wendell's Reports*.

4. Was not the letter of credit given for the benefit and accommodation of A. G. Sloo & Co., as is alleged; and were not Sloo & Byrne *accommodation* and not ordinary acceptors? If so, they are not principal debtors, but only those who were accommodated, viz: A. G. Sloo & Co.! This being the case, a release, no matter from what cause, of one of the principal debtors, discharges the accommodation acceptors or sureties from the whole debt. The evidence shows that Sloo and Byrne were largely in advance to A. G. Sloo & Co., when the bills were at maturity. It is clear they were drawn upon and accepted by Sloo & Byrne for the accommodation of the drawers exclusively.

*Martin, J.*, delivered the opinion of the court.

A rehearing in this case has been asked on the suggestion of an error, into which the court has fallen in a matter of fact, to wit: that the debt for which the defendants are sued, was not included in the judgment, which the plaintiffs

EASTERN DIST. *December*, 1840.

BANK OF ILLI-
NOIS
*vs.*
SLOO & BYRNE
ET AL.

Where a judgment has been rendered against two commercial partners on the confession of one which is on a writ of error reversed and *vacated* as to the other, he is not thereby released from the original debt by a merger of the debt in the judgment.

If judgment be obtained against one of several debtors *in solido*, the others cannot resist the demand, of their creditor on the ground that the debt is merged in the judgment against their co-debtor.

obtained in the state of Illinois against the *drawers* of the bills sued on.

The defendants urge that if this debt was included in the judgment referred to, they are discharged, because A. G. Sloo, one of the drawers of the bills has obtained a reversal of the judgment; and his partner, M'Clintock was discharged, from the original claim of the bank against the firm, by its being merged in the judgment. This is a *non-sequitur*. The reversal of the judgment as to Sloo, left him in the situation in which he was before the inception of the suit in which the judgment had been obtained. The judgment remaining in force against M'Clintock his partner, the debt as to him is indeed merged in the judgment, by which it has passed in *rem judicatem*. If the bank has claims on other parties, who were the co-debtors of the same debt, either principal or accessory, there is no merger as to them, in the judgment against M'Clintock. If judgment be obtained against one of several debtors *in solido*, the other cannot resist the demand of their creditor, on the ground that the debt is merged in the judgment against his co-debtor. The surety cannot urge that by a judgment against the principal, he is relieved from his suretyship by the merger of the obligation of the principal therein. We can discover no real or material error in the judgment rendered herein, and the first decision must remain undisturbed.

The rehearing is therefore refused.